Larry R. Laycock (Utah State Bar No. 4868)
   *llaycock@mabr.com*
David R. Wright (Utah State Bar No. 5164)
   *dwright@mabr.com*
Adam B. Beckstrom (Utah State Bar No. 14127)
   *abeckstrom@mabr.com*
MASCHOFF BRENNAN
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone:   (435) 252-1360
Facsimile:   (435) 252-1361

Attorneys for Plaintiff
SUNDESA, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SUNDESA, LLC., a Utah Limited Liability Company,<br><br>                Plaintiff,<br><br>    v.<br><br>SERIOUS NUTRITION SOLUTIONS, LLC , a Virginia Limited Liability Company,<br><br>                Defendant. | **COMPLAINT**<br><br>Civil Action No. 2:14-cv-00759-EJF<br><br>Honorable Judge Furse<br><br>JURY DEMANDED |

Plaintiff Sundesa, LLC ("Sundesa") complains against defendant Serious Nutrition Solutions, LLC ("SNS") for the causes of action alleged as follows:

## THE PARTIES

1. Sundesa is a limited liability company duly organized and existing under the laws of the State of Utah, with its principal place of business located at 250 South 850 East, Lehi, Utah 84043.

2. Sundesa alleges SNS is a limited liability company organized and existing under the laws of the State of Virginia with its principal place of business located at 2965 Franklin Turnpike, Danville, Virginia 24540.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

4. This Court has original jurisdiction over the subject matter of this action under at least 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over SNS because SNS has purposely availed itself of the privileges and benefits of the laws of the State of Utah and has committed acts of patent infringement within this judicial district.

6. SNS does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement in this judicial District and elsewhere in Utah; (ii) regularly doing business or soliciting business by virtue of SNS's nationwide, interactive and commercial website www.seriousnutritionsolutions.com which directs SNS's services and products to Utah residents; and (iii) engaging in other persistent courses of conduct, and/or

deriving substantial revenue from products and/or services provided to persons in this District and State.

7.      This Court's exercise of personal jurisdiction over SNS is consistent with the Constitutions of the United States and the State of Utah.

8.      Venue is proper in this judicial district under at least 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

9.      Sundesa's technological innovations are protected, *inter alia*, by a portfolio of utility and design patents, including United States Utility Patent No. 6,379,032 (the "'032 Patent") and United States Design Patent No. D510,235 (the "'235 Design Patent") (collectively the "Asserted Patents").

10.     Sundesa has marked all products embodying the claims of the Asserted Patents since introduction to the market.

11.     Sundesa is an exclusive licensee of the Asserted Patents and has been granted all rights thereunder, including the right and standing to enforce the Asserted Patents.

12.     SNS is in the business of manufacturing and selling nutritional supplements and accessories. In particular, SNS uses, sells and offers for sale SNS shaker cups that embody at least claim 15 of the '032 Patent and allow users to perform the methods claimed in at least claim 18 of the '032 Patent (the "Accused Products").

13.     The Accused Products also embody the claimed design of the '235 Design Patent.

14.     SNS and/or its affiliates market(s), describe(s), encourage(s), and instruct(s) its customers to use the Accused Products to mix ingredients in such a way as to perform the claimed methods of the '032 Patent.

15. Use of any of SNS's Accused Products infringes the '032 Patent.

16. The Accused Products have no substantial non-infringing uses.

17. The design of the Accused Products are also substantially the same as the design that is the subject matter of the '235 Design Patent.

18. Furthermore, the design of the Accused Products is so similar to the design that is the subject matter of the '235 Design Patent that customers are likely to be deceived and persuaded to buy the Accused Products thinking they are actually buying products protected by the '235 Design Patent.

19. SNS has had pre-suit knowledge of the Asserted Patents since at least September 30, 2014.

20. On September 30, 2014, Sundesa sent SNS a cease and desist letter notifying SNS of Sundesa's rights in the Asserted Patents and of SNS's infringement of these rights by its manufacture, use, sales, offers for sale, and importation of the Accused Products.

21. Along with this cease and desist letter, Sundesa mailed SNS a courtesy copy of the Asserted Patents.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '032 Patent)

22. By this reference Sundesa realleges and incorporates the foregoing paragraphs as though fully set forth herein.

23. SNS has directly infringed and continues to directly infringe the '032 Patent under 35 U.S.C. § 271(a) by using, selling, and offering for sale the Accused Products within the United States.

24.     SNS has had, and continues to have, the specific intent to induce its customers, or users of its products, to infringe the '032 Patent. For example, SNS instructs its customers or users of the Accused Products to use them to mix ingredients according to the claimed methods of the '032 Patent.

25.     SNS' customers, or users of the Accused Products do, in fact, infringe the '032 Patent.

26.     SNS has known, or should have known, that its customers, or users of its products, infringe the '032 Patent.

27.     The Accused Products are especially made to be used, and are in fact used, by customers, or users, of the Accused Products, to mix ingredients in a way that infringes the '032 Patent.

28.     SNS has indirectly infringed the Asserted Patents under 35 U.S.C. §§ 271(b) and (c) by actively inducing infringement of, or contributorily infringing the '032 Patent.

29.     Despite its knowledge of the '032 Patent, SNS has continued to infringe and induce others to infringe the '032 Patent.

30.     The conduct of SNS as set forth hereinabove gives rise to a cause of action for infringement of the '032 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

31.     SNS has manufactured, used, sold, and offered for sale Accused Products despite an objectively high likelihood that its actions constitute infringement of the '032 Patent.

32.     SNS' acts of infringement have caused damage to Sundesa, and Sundesa is entitled to recover the damages sustained as a result of SNS' wrongful acts in an amount subject to proof at trial. SNS' infringement of Sundesa's rights under the '032 Patent will continue to

damage Sundesa's business causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

33. By reason of the foregoing, Sundesa is entitled to monetary relief against SNS, pursuant to 35 U.S.C. §§ 283–285, as more fully set forth herein below.

### SECOND CLAIM FOR RELIEF
### (Infringement of the '235 Design Patent)

34. By this reference Sundesa realleges and incorporates the foregoing paragraphs as though fully set forth herein.

35. By this reference Sundesa realleges and incorporates the foregoing paragraphs as though fully set forth herein.

36. SNS has infringed, and continues to infringe the '235 Design Patent by offering to sell, selling, or importing the Accused Products in this District, and elsewhere in the United States, the design of which is substantially the same as the ornamental design of the '235 Design Patent.

37. SNS's actions constitute infringement of the '235 Design Patent in violation of 35 U.S.C. § 271.

38. Sundesa has sustained damages and will continue to sustain damages as a result of SNS's aforementioned acts of infringement.

39. Sundesa is entitled to recover damages sustained as a result of SNS's wrongful acts in an amount to be proven at trial.

40. SNS's infringement of Sundesa's rights under the '235 Design Patent will continue to damage Sundesa's business, causing irreparable harm, for which there is no adequate remedy at law, unless SNS is enjoined by this Court.

41.     SNS's has willfully infringed the ʻ235 Design Patent, entitling Sundesa to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

42.     Alternatively, Plaintiff is entitled to recover SNS's total profits from its sale of the Accused Products under 35 U.S.C. § 289.

## PRAYER FOR RELIEF

Sundesa prays for judgment as follows:

A. A judgment finding SNS liable for infringement of one or more of the claims of the ʻ032 Patent;

B. A judgment finding SNS liable for infringement of the claims of the ʻ235 Design Patent;

C. An order requiring SNS to make an accounting for all Accused Products it made, used, sold, offered for sale, or imported in the United States;

D. Orders of this Court temporarily, preliminarily, and permanently enjoining SNS, its agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner any of the claims of the ʻ032 Patent and ʻ235 Design Patent, pursuant to at least 35 U.S.C. § 283;

E. An award of damages adequate to compensate Sundesa for SNS's infringement of the ʻ032 Patent, in an amount to be proven at trial;

F. An award of damages adequate to compensate Sundesa for SNS's infringement of the ʻ235 Design Patent, in an amount to be proven at trial, or in the alternative, an award of SNS's total profits under 35 U.S.C. § 289;

G. An award of treble Sundesa's damages, pursuant to at least 35 U.S.C. § 284;

H. A declaration that this is an exceptional case and that Sundesa be awarded its attorney fees and expenses, pursuant to at least 35 U.S.C. § 285;

I. An award of Sundesa's costs in bringing this action, pursuant to all applicable state statutory and common law, including at least 35 U.S.C. § 284;

J. An award of Sundesa's attorney fees, pursuant to all applicable state statutory and common law.

K. Prejudgment interest, pursuant to at least 35 U.S.C. § 284;

L. Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

M. For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Sundesa demands trial by jury on all claims and issues so triable.

DATED: October 16th, 2014

/s/ *Larry R. Laycock*
Larry R. Laycock
David R. Wright
Adam B. Beckstrom

Attorneys for Plaintiff
SUNDESA, L.L.C.